UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

WOODROW W. POWER, individually on behalf of himself and on behalf of others similarly situated,

    Plaintiffs,

v.

INSURANCE OFFICE OF AMERICA, INC., a Florida Corporation, IOA GROUP, LLC, a Florida Limited Liability Company, GRACE CHURCH OF GREATER ORLANDO, INC., a Florida not-for-profit Corporation, SHELDRICK, MCGEHEE & KOHLER, LLC, a Florida Limited Liability Company, JOHN HARROLD, a Florida Resident, WANDA HARROLD, a Florida Resident, ANTHONY GRIECO, a New Jersey Resident, MARK MANFRE, a Florida Resident, HEATH RITENOUR, a Florida Resident, JOHN K. RITENOUR, a Florida Resident, VALLI S. RITENOUR, a Florida Resident, ROB MOTLEY, a South Carolina Resident, BRUCE EADES, a Georgia Resident, JOHN WICK, a Florida Resident, JEFF LAGOS, a Florida Resident, TINA CHOINIERE, a Florida Resident, BRIAN MORAN, a Florida Resident, LISA QUINTERO, a Florida Resident, BETH SCHICK, a Florida Resident, GREGORY MASTERS, a Florida Resident THOMAS MEYERS a/k/a CHIP MEYERS, a Florida Resident, DON CLARK WHITTEN, a Florida Resident, GEORGE ANTHONY TATUM, a Florida Resident, JESS WRIGHT, a Florida Resident, STEVEN ROSENBLOOM, a Florida Resident, STEVEN SMITH, a Florida Resident, and JOHN DOE(S) an unknown person(s),

    Defendants.
_____/

Case No.: _____

PUTATIVE CLASS ACTION

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332(d), 1441(a), 1446(a) and (b), and 1453(a) and (b), Defendant John K. Ritenour ("John Ritenour") hereby removes this

putative class action from the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida, in which court the putative class action was filed, to the United States District Court for the Southern District of Florida. In support thereof, John Ritenour states as follows:

## I. STATEMENT OF THE CASE

On February 26, 2020, Plaintiff Woodrow W. Power filed a putative class action complaint ("Complaint") in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida, in the case captioned, *Woodrow W. Power, et al. v. Insurance Office of America, et al.*, Case No.: CACE-20-003595 (the "State Court Action"). A true and correct copy of the Complaint, is attached as "**Exhibit 1**." John Ritenour was served with a Summons and the Complaint in the State Court Action on May 21, 2020. Upon information and belief, none of the other Defendants have been served in this case.[1]

Plaintiff, alleged to be a resident of South Carolina, purports to bring each of these claims individually and on behalf of two proposed classes against the 26 named Defendants and defendant(s) John Doe(s). Compl. at ¶¶ 4-32. The named Defendants include four (4) entities (the "Entity Defendants")[2] and 22 individuals (the "Individual Defendants"). The Entity Defendants include Insurance Office of America, Inc , ("IOA"), IOA Group, LLC ("IOA Group"), Grace Church of Greater Orlando, Inc., and Sheldrick, McGehee & Kohler, LLC, each of which is alleged to be a Florida corporation or limited liability company with its principal place of business in

---

[1] Also attached to this Notice of Removal are copies of the following other documents filed in the State Court Action: **Exhibit 2** (Civil Cover Sheet), **Exhibit 3** (Notice of Filing), **Composite Exhibit 4** (Summonses to the Defendants), **Exhibit 5** (Notice of Voluntary Dismissal of NuView IRA, Inc.), **Exhibit 6** (Return of Service on John Ritenour), and **Exhibit 7** (Motion for Extension of Time from John Ritenour).

[2] Although Plaintiff initially included NuView IRA, Inc. as a defendant, he subsequently filed a Notice of Voluntary Dismissal in the State Court Action on April 14, 2020, dismissing without prejudice all claims against NuView IRA, Inc.

Florida.  *Id.* at ¶¶ 5-9.  The Individual Defendants—John Ritenour, along with John Harrold, Wanda Harrold, Anthony Grieco, Mark Manfre, Heath Ritenour, Valli S. Ritenour, Rob Motley, Bruce Eades, John Wick, Jeff Lagos, Tina Choiniere, Brian Moran, Lisa Quintero, Beth Schick, Gregory Masters, Thomas Meyers a/k/a Chip Meyers, Don Clark Whitten, George Anthony Tatum, Jess Wright, Steven Rosenbloom, and Steven Smith—are alleged to be residents of either Georgia, Florida, or South Carolina.[3]  Compl. at ¶¶ 5-32.

Plaintiff alleges that the Complaint "sets forth in detail a criminal and fraudulent enterprise and scheme to defraud shareholders of [IOA] through an illegal PONZI scheme, which involves defrauding employees, independent sales agents and customers of [IOA]."  Compl. at ¶ 34.  Based on this general statement of the case, the Complaint purports to assert 12 causes of action, including: (1) Civil Violation of Florida's Racketeer Influenced and Corrupt Organizations Act ("Civil RICO") pursuant to Section 772.104, Florida Statutes; (2) Violation of Florida' Securities and Investor Protection Act pursuant to Section 517.01, Florida Statutes; (3) Civil RICO Conspiracy to Commit Prohibited Activities pursuant to Section 772.103(4), Florida Statutes; (4) Conversion; (5) Fraudulent Misrepresentation; (6) Fraudulent Transfers; (7) Fraudulent Inducement; (8) Aiding and Abetting; (9) Civil Conspiracy; (10) Spoliation of Evidence; (11) Motion for Appointment of Receiver pursuant to Section 726.108(c)(2), Florida Statutes; and (12) Equitable Accounting.

Plaintiff seeks the following relief on behalf of himself and the putative classes: compensatory "damages likely **exceeding ONE HUNDRED MILLION DOLLARS ($100,000,000.00)**" (*see* Compl. at ¶ 42) (emphasis in original); treble damages; punitive damages;

---

[3] Plaintiff refers to Defendant Anthony Grieco as a New Jersey resident in the style of the case.  In the body of the Complaint, however, Plaintiff alleges that Grieco is a Florida resident.  *Id.* at ¶ 12.

pre- and post-judgment interest; attorneys' fees and costs; appointment of a receiver; injunction against further disposition of remunerations; and an equitable accounting.

## II. SUBJECT MATTER JURISDICTION

### A. Original Jurisdiction Exists Pursuant to 28 U.S.C. § 1332(d)

The Court has subject matter jurisdiction over this matter and, thus, this case is properly removed to this Court pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453 because: (1) minimum diversity is satisfied; (2) the number of putative class members is alleged to be greater than 100; and (3) the aggregate sum of each individual plaintiff's claims is alleged to exceed the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C. §§ 1332(d)(2), (d)(5)(B).

#### i. *Minimum diversity exists because at least one member of the putative class is diverse from at least one Defendant.*

Minimum diversity is established pursuant to 28 U.S.C. § 1332(d)(2) if at least one member of a putative class of plaintiffs is diverse from at least one defendant. For purposes of establishing minimum diversity, courts may presume an individual is domiciled at his current residence based on uncontroverted allegations, but an individual's residence is not equivalent to domiciliary citizenship. *See Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989); *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1342 (11th Cir. 2011). Rather, an individual's domicile is established "by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." *Holyfield*, 490 U.S. at 48 (citing *Texas v. Florida*, 306 U.S. 398, 424 (1939)). To determine intent, courts look to indicia such as a person's "place of employment, driver's license, automobile registration . . ." *Casey v. Florida Coastal*

*Sch. of Law, Inc.*, 12-20785-CIV, 2014 WL 11798521, at *3 (S.D. Fla. Sept. 30, 2014) (quoting *Britton v. Scott*, No. 96–14041–CIV–PAINE, 1996 WL 608541, at *1 (S.D. Fla. Sept. 27, 1996)).

A corporation is a citizen of any state where it has been incorporated and has its principal place of business. 28 U.S.C. § 1332(c)(1); *Advanced Constr. and Renovation, Inc. v. Mt. Hawley Ins. Co.*, No. 17-61080-CIVCOOKE/GOODMAN, 2018 WL 797073, at *2 (S.D. Fla. Feb. 9, 2018). "A corporation's 'principal place of business' is its 'nerve center,' or a corporation's headquarters 'where a corporation's high-level officers direct, control, and coordinate the corporation's activities.'" *Id.* (quoting *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010)). A limited liability company, on the other hand, "is a citizen of any state of which a member of the company is a citizen." *Mallory & Evans Contractors & Engineers, LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1305 (11th Cir. 2011).

Plaintiff's pleadings do not allege his or any putative class member's or the Individual Defendants' domiciliary citizenship for jurisdictional purposes. Rather, Plaintiff merely alleges that he is a ***resident*** of South Carolina and proposes a class that includes individuals ***located*** inside and outside of Florida. Compl. at ¶¶ 4, 43. Plaintiff also alleges that Defendant Bruce Eades is a Georgia ***resident***, Defendant Rob Motley is a South Carolina ***resident***, and the remaining Individual Defendants are Florida ***residents***. *Id.* at ¶¶ 18, 19, 10-17, 20-31.

The Court may presume Plaintiff and the Individual Defendants' states of residence are also their domicile. *See Molinos Valle Del Cibao, C. por A.*, 633 F.3d at 1342. In addition, however, a defendant may allege the missing requisite facts in its Notice of Removal or otherwise supply this information through a declaration to establish jurisdiction. *See Fowler v. Safeco Ins. Co. of Am.*, 915 F.2d 616, 617 (11th Cir. 1990) ("Defendants have the opportunity to submit affidavits, depositions, or other evidence to support removal."); *Lewis v. AT&T Corp.*, 898 F. Supp.

907, 909 (S.D. Fla. 1995) (finding that uncontroverted allegations regarding jurisdiction in notice of removal were sufficient).

Defendant Eades is not only a resident of Georgia, he is also a Georgia citizen. Eades has resided in Georgia for the last 58 years. He maintains his home, is employed, is registered to vote, and pays state income taxes in Georgia. Further, he maintains a valid Georgia driver's license and his vehicle is registered in Georgia. *See* Declaration of Bruce Eades in Support of Notice of Removal, a copy of which is attached hereto as "**Exhibit 8**," at ¶¶ 2-5.

Additionally, Defendant Motley is not only a resident of South Carolina, he is also a South Carolina citizen. Motley has resided in South Carolina for the last 55 years. He maintains his home, is employed, is registered to vote, and pays state income taxes in South Carolina. Further, he maintains a valid South Carolina driver's license and his vehicle is registered in South Carolina. *See* Declaration of Rob Motley in Support of Notice of Removal, a copy of which is attached hereto as "**Exhibit 9**," at ¶¶ 2-5.

Plaintiff alleges that at least two of the Entity Defendants—IOA and Grace Church of Greater Orlando, Inc.—are Florida citizens because they are incorporated or organized under the laws of Florida and their principal place of business is located in Florida. Compl. at ¶¶ 5, 7-8.[4] Thus, the 26 named Defendants include Florida, Georgia, and South Carolina citizens. Although Plaintiff does not allege his own state of domiciliary citizenship (it is presumably South Carolina) or the domiciliary citizenship of any members of the putative classes, neither Plaintiff nor any one of the putative class members could possibly be domiciled in Florida, Georgia, ***and*** South Carolina,

---

[4] The citizenship of the two (2) other Entity Defendants (IOA Group and Sheldrick, McGehee & Kohler, LLC), which are Florida limited liability companies, is based on the citizenship of their respective individual members. Because minimal diversity has already been established based on the citizenship of the other Defendants, there is no need for the Court to consider the citizenship of these two (2) Defendants for purposes of this Notice of Removal.

given that an individual can only have one domicile. *See, e.g.*, *Molinos Valle Del Cibao, C. por A.*, 633 F.3d at 1346 ("[Individuals are only citizens of the state in which they are domiciled, . . . and they have only one domicile . . . .") (citations omitted). Thus, the requisite minimum diversity for purposes of establishing original jurisdiction in federal court under 28 U.S.C. § 1332(d) is satisfied because at least one member of the putative class is diverse from at least one defendant.

      *ii.*      **<u>There are greater than 100 putative class members.</u>**

The number of putative class members is alleged to be greater than 100 members. Specifically, Plaintiff defines the proposed classes as follows:

- "All individuals whether in Florida or otherwise who were authorized to purchase and did purchase IOA Group LLC stock from 2008 to present; and

- All individuals whether in Florida or otherwise who purchased IOA Group LLC stock and received a promissory note for repayment of purchased stock instead of the actual redemption value."

Compl. at ¶ 43(a)-(b). Plaintiff further alleges that, in 2019 alone, 109 members purchased "close to a million outstanding shares and over $10,000,000.00 of new IOA Group stock," and that these classes are "composed of more than 500 persons." *Id.* at ¶¶ 42, 47. Thus, Plaintiff's own allegations establish by a preponderance of the evidence that the putative classes include in excess of 100 members. *See Perret v. Wyndham Vacation Resorts, Inc.*, 11-CV-61904, 2012 WL 592171, at *2 (S.D. Fla. Feb. 22, 2012).

      *iii.*      **<u>The amount in controversy requirement is satisfied.</u>**

Finally, the amount in controversy jurisdictional threshold is met because it is facially apparent and plausible from the face of the Complaint that the amount in controversy in this matter exceeds, in the aggregate, $5,000,000.00, exclusive of interest and costs, as required by 28 U.S.C.

§ 1332(d)(2). *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (notice of removal need only plausibly allege amount of controversy); *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) (removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirements). The civil cover sheet in the State Court Action indicates that Plaintiff estimates the value of his claims to be $10,000,000.00. *See* **Exhibit 2**, *infra*. Further, Plaintiff seeks the following relief on behalf of himself and the putative classes for conduct allegedly dating back to 2008: compensatory "damages likely **exceeding ONE HUNDRED MILLION DOLLARS ($100,000,000.00)**" (*see* Compl. at ¶ 42) (emphasis in original); treble damages pursuant to Section 772.104(1), Florida Statutes; punitive damages; and attorneys' fees and costs pursuant to Section 772.104(1), Florida Statutes.

The jurisdictional threshold is plainly satisfied by Plaintiff's estimate of damages of $10,000,000, and his allegation that compensatory damages for a putative class, whose members include individuals who purchased stock at any point after 2008, could exceed $100,000,000.00. The jurisdictional threshold is further supported by the availability of treble damages and attorneys' fees under Civil RICO, and Plaintiff's request for punitive damages and injunctive relief. *See Hunt v. Wash. State Apple Adver. Comm'n,* 432 U.S. 333, 347 (1977) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."); *McDaniel v. Fifth Third Bank*, 568 F. App'x 729, 732 (11th Cir. 2014) (vacating order to remand for failure to consider potential punitive and trebled damages); *Soares v. Scottsdale Ins. Co.*, 19-CV-22421, 2019 WL 3773649, at *3 (S.D. Fla.

Aug. 12, 2019) (including reasonable attorney's fees to determine amount in controversy requirement was satisfied).

Accordingly, removal of the State Court Action is proper under 28 U.S.C. § 1453 because the Court has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1332(d)(2), (d)(5)(B).

### III. All procedural requirements for removal have been satisfied.

In accordance with the requirements of 28 U.S.C. § 1446(b), this Notice of Removal has been filed within 30 days after John Ritenour was served with a copy of the initial Complaint, which is the pleading setting forth the claim for relief on which this removal is based. Pursuant to 28 U.S.C. §§ 1441(a) and 1453(b), the right exists to remove this case to the United States District Court for the Southern District of Florida, which embraces the county within which the State Court Action was pending. Accordingly, this Court is a proper venue for this action pursuant to 28 U.S.C. § 89(c).

No previous application has been made for the relief requested herein. As required by the provisions of 28 U.S.C. § 1446(a), attached as **Exhibits 1 through 7** are copies of all documents currently filed in the State Court Action. Additionally, the consent of all defendants to removal of this matter is not required under 28 U.S.C. § 1453(b).

Written notice of the filing of this Notice of Removal will be served upon Plaintiff's counsel. Moreover, a true and correct copy of this Notice of Removal will be filed with the clerk of the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, as required by law, and served upon Plaintiff's counsel. *See* 28 U.S.C. § 1446(d). By removing the

State Court Action to this Court, Defendant John Ritenour does not waive any available defenses or admit any of the allegations made in the Complaint.

WHEREFORE, Defendant John Ritenour hereby removes this case from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County State Court to this Court.

Dated: June 19, 2020.

Respectfully submitted,

STUMPHAUZER FOSLID SLOMAN
ROSS & KOLAYA, PLLC
Two South Biscayne Boulevard, Suite 1600
Miami, Florida 33131
Telephone: (305) 614-1400
Facsimile: (305) 614-1425

By: */s/Timothy A. Kolaya*
TIMOTHY A. KOLAYA
Florida Bar No. 056140
tkolaya@sfslaw.com
JORGE A. PEREZ SANTIAGO
Florida Bar No. 91915
jperezsantiago@sfslaw.com
docketing@sfslaw.com

*Counsel for Defendant John K. Ritenour*